## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HECTOR SALAZAR-SALAZAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIV-22-556-SLP |
| | ) |
| LNU FNU, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate appearing *pro se*, brings this action alleging violations of his constitutional rights while imprisoned at the United States Penitentiary – Pollock (USP Pollock). This matter has been referred by United States District Judge Scott L. Palk for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

## DISCUSSION

The Court is obligated to review complaints filed by prisoners who seek redress from governmental entities or officers or employees of a governmental entity. *See* 28 U.S.C. § 1915A(a). As part of this obligation, the Court may consider whether venue is proper *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted); *see also Lewis v. Ctr. Mkt.*, 378 F. App'x 780,

787 (10th Cir. 2010) (unpublished) (holding that a district court may consider venue on a § 1915 screening); *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (unpublished) (acknowledging district court has discretion to dismiss or transfer for improper venue).

Venue is proper in a civil action in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Plaintiff alleges his constitutional rights were violated at USP Pollock and he names USP Pollock prison officials as Defendant(s). USP Pollock is located in or near the city of Pollock, Louisiana, in Grant Parish, Louisiana; and Grant Parish is located within the territorial jurisdiction of the United States District Court for the Western District of Louisiana. *See* 28 U.S.C. § 98(c). Accordingly, because the events or omissions giving rise to the claims occurred in the Western District of Louisiana, venue is proper in that Court.

Although this matter is subject to dismissal, a district court may cure a defect in venue by transferring the case to "any district or division in which it could have been

brought" if transfer is "in the interest of justice." 28 U.S.C. § 1406(a). In this instance, transfer of this case to cure the jurisdictional defect is in the interest of justice. As such, it is recommended that this Court transfer this case to the United States District Court for the Western District of Louisiana.

## RECOMMENDATION

It is recommended that this action be **TRANSFERRED** to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1406(a). Payment of the filing fee should be determined by the transferee Court.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **August 8, 2022**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on July 22, 2022.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE